**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue NW <br> Washington, DC 20460 <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-364 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1.  Plaintiff American Oversight brings this action against the Environmental Protection Agency (EPA) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

1

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant Environmental Protection Agency (EPA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EPA has possession, custody, and control of the records that American Oversight seeks.

## STATUTORY AND REGULATORY BACKGROUND

7. The FOIA requires each agency, "upon any request for records which . . . reasonably describes such records," to "make the records promptly available to any person"

unless the records fall within one of nine statutory exemptions. 5 U.S.C. § 552(a)(3)(A), (b)(1)–(9).

8. EPA's regulations provide that a FOIA request "should reasonably describe the records [the requester is] seeking in a way that will permit EPA employees to identify and locate them." 40 C.F.R. § 2.102(c).

9. The regulations go on to state that "*[w]henever possible*, [a] request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter." *Id.* (emphasis added).

10. If EPA determines that the request "does not reasonably describe" the records sought, the agency must contact the requester and tell them of "what additional information [they] need to provide or why [their] request is otherwise insufficient." 40 C.F.R. § 2.102(c); *see also* 5 U.S.C. § 552(a)(6)(A)(ii)(I) (providing that "the agency may make one request to the requester for information").

11. While EPA is waiting for a requester to respond with additional information, EPA tolls its 20 working day deadline to respond to the FOIA request. 40 C.F.R. § 2.102(c) ("Should it be necessary for you to provide a revised description of the records you are seeking, the time necessary to do so will be excluded from the statutory 20 working day period . . . that EPA has to respond to your request."); *see also* 5 U.S.C. § 552(a)(6)(A)(ii)(I) ("the agency may . . . toll the

20-day period while it is awaiting such information that it has reasonably requested from the requester under this section").

## AMERICAN OVERSIGHT'S FOIA REQUESTS

12. On June 23, 2017, American Oversight submitted three FOIA requests to EPA seeking different subsets of emails sent to and from EPA Administrator Scott Pruitt and his senior advisors during a two-week window in June 2017 ("June 23, 2017 FOIA requests").

*Pruitt Communications FOIA*

13. The first request sought emails between Mr. Pruitt and his top advisors, as follows:

> All emails between Scott Pruitt and Ryan Jackson (Chief of Staff), John Reeder (Deputy Chief of Staff), or Mike Flynn (Acting Deputy Administrator) from June 1, 2017, to June 15, 2017.

EPA assigned the Pruitt Communications FOIA tracking number EPA-HQ-2017-008848. A copy of the Pruitt Communications FOIA is attached hereto as Exhibit A.

*Outside Communications FOIA*

14. The second request sought emails between four senior EPA officials and any non-governmental entities, as follows:

> All emails between (a) Scott Pruitt, Ryan Jackson (Chief of Staff), John Reeder (Deputy Chief of Staff), or Mike Flynn (Acting Deputy Administrator) and (b) any email address not containing a .gov domain name (i.e., email addresses with domain names that include .com, .net, .org, or .edu) from June 1, 2017, to June 15, 2017.

EPA assigned the Outside Communications FOIA tracking number EPA-HQ-2017-008850. A copy of the Outside Communications FOIA is attached hereto as Exhibit B.

4

*Congressional Communications FOIA*

15. The third request sought emails between four senior EPA officials and Congress, as follows:

> All emails between (a) Scott Pruitt, Ryan Jackson (Chief of Staff), John Reeder (Deputy Chief of Staff), or Mike Flynn (Acting Deputy Administrator) and (b) any email address containing a house.gov or senate.gov domain from June 1, 2017, to June 15, 2017.

EPA assigned the Congressional Communications FOIA tracking number EPA-HQ-2017-008852. A copy of the Congressional Communications FOIA is attached hereto as Exhibit C.

16. Each of the June 23, 2017 FOIA requests included the following clarification:

> In searching for documents responsive to this request, please search all email accounts used by these individuals, including any alias email accounts or personal email accounts on which they may have conducted government business. American Oversight does not seek to identify the full email addresses associated with those accounts if that would include any exempt information, just the communications sent or received on those accounts. If multiple accounts are reflected among responsive documents, that should not be obscured through redaction.

17. On June 29, 2017, American Oversight received emails from EPA stating that these requests did not "reasonably define a set of records to search" because they "fail[ed] to provide details such as the subject matters, titles or key terms." A copy of the email for the Pruitt Communications FOIA is attached hereto as Exhibit D.

18. Over a series of emails and phone calls, American Oversight explained that it did not want to limit its requests to particular keywords or search terms, but rather was attempting to do a survey of Mr. Pruitt's email behavior by seeking all of his communications with a finite set of custodians during a finite date range. American Oversight reiterated its belief that the requests were proper as written.

19. On July 28, 2017, EPA issued final determinations denying each of American Oversight's FOIA requests for failing to reasonably define a set of records to search. A copy of the denial for the Pruitt Communications FOIA is attached hereto as Exhibit E and incorporated herein.

20. On September 7, 2017, American Oversight appealed the denial of its FOIA requests. A copy of the administrative appeal (excluding its attachments) is attached hereto as Exhibit F and incorporated herein.

21. On September 11, 2017, American Oversight received letters from EPA confirming that EPA had received the appeal on September 7, 2017. EPA's letter confirming receipt of the appeal for the Pruitt Communications FOIA is attached hereto as Exhibit G and incorporated herein.

22. American Oversight has not received any further communication from EPA about any of the June 23, 2017 FOIA requests.

23. American Oversight timely appealed EPA's determination to deny the June 23, 2017 FOIA requests.

24. EPA has failed to timely decide American Oversight's appeal of EPA's refusal to process the June 23, 2017 FOIA requests.

25. Through EPA's failure to timely respond to American Oversight's September 7, 2017 administrative appeal, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**OTHER EPA DENIALS**

26. On information and belief, EPA regularly informs FOIA requesters that requests seeking communications between a clearly identified set of EPA custodians and a clearly

identified set of recipients for a defined date range are nonetheless not "reasonably defined" if the requests do not also include subject matter or keyword limitations.

27. American Oversight is aware of several other instances in which EPA has denied FOIA requests that clearly identified the custodians, recipients, and date range for the communications sought on the basis that the requests did not include keywords, search terms, or a particular subject matter.

*American Oversight Icahn FOIA*

28. On April 5, 2017, American Oversight submitted a FOIA request to EPA seeking all communications between certain custodians at EPA and Carl Icahn or certain related entities.

29. On April 13, 2017, EPA notified American Oversight that it could not process the request as written because it "[did] not reasonably define a set of records to search," in part because it "fail[ed] to provide keywords, titles or other relevant information which would allow us to identify the subject matter you are interested in."

30. After a phone call with EPA FOIA personnel, American Oversight agreed to work with EPA to identify search terms that could be used to identify responsive records, such as by using Mr. Icahn's name as a keyword search term.

31. EPA's refusal to process American Oversight's Icahn FOIA request as drafted delayed the agency's initiation of a search for records responsive to that request.

*Earthjustice Icahn FOIA*

32. Also on April 5, 2017, Earthjustice submitted a FOIA request similar to American Oversight's Icahn FOIA request, seeking, among other things, all communications between Carl Icahn and high level personnel at EPA. A copy of Earthjustice's FOIA request is attached hereto as Exhibit H.

7

33. On April 13, 2017, EPA responded that it could not process the request as written because it "[did] not reasonably define a set of records to search," in part because it "fail[ed] to provide keywords, titles or other relevant information that would allow us to identify the subject matter you are interested in." A copy of EPA's response email is attached hereto as Exhibit I.

34. Ultimately, Earthjustice agreed to work with EPA to identify search terms that could be used to identify records responsive to its request.

*Center for Biological Diversity FOIA*

35. On May 3, 2017, the Center for Biological Diversity ("CBD") sued EPA under the FOIA for wrongfully denying its FOIA request for Scott Pruitt's correspondence. *Ctr. for Biological Diversity v. EPA*, 17-cv-816 (D.D.C. 2017).

36. As outlined in the Complaint, CBD filed a FOIA request with EPA on February 28, 2017, seeking all of Scott Pruitt's correspondence. Compl. ¶ 24, *CBD v. EPA*, 17-cv-816 (D.D.C. May 3, 2017).

37. On March 1, 2017, EPA responded that CBD's request did not "reasonably define a set of records to search as required by the FOIA and EPA regulations" because CBD did not provide "key terms, subject matters or titles." *Id.* ¶ 26.

38. After EPA affirmed its decision on appeal, CBD filed suit against EPA. *Id.*

39. Once the FOIA request was the subject of a pending litigation, EPA changed its position and "agreed to process the FOIA request for all correspondence sent to or from the Administrator." Status Report and Proposed Schedule ¶ 3, *CBD v. EPA*, 17-cv-816 (D.D.C. July 28, 2017).

40. EPA's refusal to process CBD's FOIA request as drafted delayed EPA's initiation of a search for records responsive to that request.

*EPA Policy & Practice*

41. On information and belief, EPA has a policy, pattern, or practice of declining to process FOIA requests for communications that clearly identify the custodians, recipients, and date range for the records sought on the grounds that they do not provide keywords, search terms, or a particular subject matter.

42. EPA's responses to the American Oversight, Earthjustice, and CBD FOIA requests discussed above reflect a policy, pattern, or practice of declining to process FOIA requests for communications that clearly identify the custodians, recipients, and date range for the records sought on the grounds that they do not provide keywords, search terms, or a particular subject matter.

43. American Oversight currently has several other FOIA requests pending with EPA that seek communications between clearly identified custodians and recipients for identified date ranges but that do not include keywords, search terms, or a particular subject matter; American Oversight therefore stands to be harmed by this ongoing practice in the future.

44. American Oversight expects and intends to continue submitting similar FOIA requests to EPA as part of its ongoing efforts to promote transparency and educate the public about the operations and activities of the federal government.

**COUNT I**
**Impermissible Policy, Pattern, or Practice of Denying**
**Reasonably Described FOIA Requests in Violation of FOIA, 5 U.S.C. § 552**

45. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

46. Defendant has adopted and is engaged in a policy, pattern, or practice of violating FOIA's requirement that agencies search for records in response to a reasonably described request.

47. As part of Defendant's unlawful policy, pattern, or practice, Defendant declines to process FOIA requests for communications that clearly identify the custodians, recipients, and date range for the requested records on the grounds that they do not specify keywords, search terms, or a particular subject matter.

48. Defendant's repeated, unlawful, and intentional actions have harmed, and will continue to harm, Plaintiff American Oversight and other requesters by delaying the processing of their FOIA requests pending negotiation of adequate search terms and keywords with EPA, based on the tolling provision of 5 U.S.C. § 552(a)(6)(A)(ii)(I).

49. Defendant's repeated, unlawful, and intentional actions have harmed, and will continue to harm, Plaintiff American Oversight and other requesters by requiring them to file suit against EPA in order to get EPA to process reasonably described FOIA requests where the requester is unable or unwilling to agree to limit its request to particular keywords, search terms, or subject matter.

50. Defendant's repeated, unlawful, and intentional actions have harmed, and will continue to harm, Plaintiff American Oversight and other requesters by wrongfully withholding agency records unless the requesters either agree to limit their requests to particular keywords, search terms, or subject matter or file suit to obtain the records.

51. Defendant's unlawful policy, pattern, or practice of declining to process reasonably described FOIA requests will continue absent intervention by this Court.

52. American Oversight therefore is entitled to declaratory and injunctive relief to compel Defendant to comply with the requirements of FOIA and EPA regulations and to prevent Defendant from continuing to apply its unlawful FOIA policy, pattern, or practice.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records Responsive to the June 23, 2017 FOIA Requests

53. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

54. On or about June 23, 2017, American Oversight properly requested records within the possession, custody, and control of Defendant.

55. American Oversight's June 23, 2017 FOIA requests reasonably described the records sought.

56. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

57. Defendant did not conduct a search for responsive records, incorrectly claiming that American Oversight's June 23, 2017 FOIA requests did not reasonably define a set of records to search.

58. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

59. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's June 23, 2017 FOIA requests.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records Responsive to the
### June 23, 2017 FOIA Requests

60. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

61. On or about June 23, 2017, American Oversight properly requested records within the possession, custody, and control of Defendant.

62. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

63. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its June 23, 2017 FOIA requests.

64. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

65. Defendant's failure to provide all non-exempt responsive records violates FOIA.

66. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its June 23, 2017 FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Declare that Defendant is engaged in an impermissible policy, pattern, or practice of declining to process FOIA requests for communications that clearly identify the custodians, recipients, and date range for the records sought on the grounds that they fail to provide keywords, search terms, or a subject matter;

(2) Enjoin Defendant from continuing to engage in an impermissible policy, pattern, or practice of declining to process FOIA requests for communications that clearly identify the custodians, recipients, and date range for the records sought on the grounds that they fail to provide keywords, search terms, or a subject matter;

(3) Declare that Plaintiff's June 23, 2017 FOIA requests reasonably described the records sought as required by the FOIA;

(4) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's June 23, 2017 FOIA requests;

(5) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's June 23, 2017 FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(6) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's June 23, 2017 FOIA requests;

(7) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(8) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 16, 2018                    Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*