**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 18-cv-364 (TJK) |
| | ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

FACTUAL BACKGROUND ....................................................................................................1

    I.     American Oversight's FOIA Requests ....................................................................1

    II.    Other FOIA Requests ............................................................................................4

         A.     American Oversight Icahn FOIA Request................................................4

         B.     Earthjustice Icahn FOIA Request............................................................5

         C.     Center for Biological Diversity FOIA Request .......................................5

    III.    EPA Pattern & Practice ..........................................................................................6

ARGUMENT............................................................................................................................6

    I.     Legal Standards .....................................................................................................6

    II.    EPA Has a Practice of Denying Reasonably Described FOIA Requests that Do Not Provide Subject Matters or Keywords....................................................8

         A.     American Oversight's FOIA Requests Reasonably Described the Records Requested. .....................................................................................8

         B.     EPA Nevertheless Improperly Refused to Process the FOIA Requests on the Basis that They Did Not Provide Subject Matters or Keywords......9

         C.     EPA Has Denied Other Reasonably Described FOIA Requests for the Same Reason.......................................................................................10

         D.     These Repeated Rejections Demonstrate a Policy or Practice of Denying Otherwise Reasonably Described FOIA Requests. ..................11

    III.    EPA's Practice of Denying Reasonably Described FOIA Requests that Do Not Provide Subject Matters or Keywords Violates FOIA. ..........................12

    IV.    The Court Should Enjoin EPA's Illegal Practice of Denying FOIA Requests that Clearly Identify the Requested Records Solely Because They Do Not Provide a Subject Matter, Keyword or Search Term...........................................14

CONCLUSION........................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Citizens for Responsibility & Ethics in Wash. v. DOJ,*
   846 F.3d 1235 (D.C. Cir. 2017) ................................................................... 7, 13

*Judicial Watch, Inc. v. Dep't of the Navy,*
   25 F. Supp. 3d 131 (D.D.C. 2014) ....................................................................... 6

*Kenney v. DOJ,*
   603 F. Supp. 2d 184 (D.D.C. 2009) ............................................................... 7, 12

*Lockett v. Wray,*
   271 F. Supp. 3d 205 (D.D.C. 2017) ..................................................................... 6

*MuckRock LLC v. CIA,*
   No. 14-997, 2018 WL 1129713 (D.D.C. Feb. 28, 2018) .................... 1, 11, 12, 13

*Payne Enters., Inc. v. United States,*
   837 F.2d 486 (D.C. Cir. 1988) ...................................................................... 7, 11, 13

*Willis v. DOJ,*
   581 F. Supp. 2d 57 (D.D.C. 2008) ....................................................................... 6

*Yeager v. DEA,*
   678 F.2d 315 (D.C. Cir. 1982) ...................................................................... 7, 9, 12

**STATUTES**

5 U.S.C. § 552(a)(3) ................................................................................................. 6, 12

**RULES**

Fed. R. Civ. P. 56(a) ..................................................................................................... 6

## INTRODUCTION

This is a straightforward case. Plaintiff American Oversight filed three requests for information under the Freedom of Information Act ("FOIA") with Defendant Environmental Protection Agency ("EPA") seeking clearly defined sets of communications by EPA Administrator Scott Pruitt and three of his senior advisors. Notwithstanding the clarity of those FOIA requests, EPA refused to process the requests unless American Oversight provided a subject matter, keyword, or search term to narrow the scope of the requests in clear violation of the FOIA statute, which requires an agency to process FOIA requests that "reasonably describe" the requested records. EPA has a history of denying FOIA requests on this basis, reflecting a clear policy, pattern, or practice of unlawful behavior. And indeed, this Court recently held that the CIA's use of a virtually identical policy violated FOIA. *See MuckRock LLC v. CIA*, No. 14-997, 2018 WL 1129713 (D.D.C. Feb. 28, 2018). The Court should similarly declare EPA's practice unlawful and enjoin EPA from continuing to deny FOIA requests that clearly identify the requested records simply because the requester does not provide a particular keyword or search term. For these reasons, as further explained below, Plaintiff American Oversight is entitled to summary judgment.

## FACTUAL BACKGROUND

### I.      American Oversight's FOIA Requests

EPA Administrator Scott Pruitt previously served as the Oklahoma Attorney General. During his confirmation process for the top EPA post, Mr. Pruitt told the Senate that he had never used his personal email account for official government business during his time in Oklahoma, and that he only used one official email account for government work there. Both of those claims later turned out to be untrue. *See* Steven Mufson, *New EPA Head Told Congress He*

1

*Never Used Personal Email for Government Business. But It Turns Out He Did.*, Wash. Post, Mar. 2, 2017, https://www.washingtonpost.com/news/energy-environment/wp/2017/03/02/new-epa-head-told-congress-he-never-used-personal-email-for-government-business-but-it-turns-out-he-did/?utm_term=.1cce884f4415; Dino Grandoni, *Scott Pruitt Used Two Government Email Addresses in His Last Job. He Told Congress He Used One.*, Wash. Post, June 14, 2017, https://www.washingtonpost.com/news/powerpost/wp/2017/06/14/pruitt-used-two-government-email-addresses-in-his-last-job-he-told-congress-he-used-one/?utm_term=.f088b07ff3ae.

Given Mr. Pruitt's history of obfuscating his professional email habits, American Oversight sought to shed light on his email practices while serving as EPA Administrator.

Accordingly, on June 23, 2017, American Oversight submitted three FOIA requests to EPA seeking different subsets of emails sent to and from EPA Administrator Scott Pruitt and his senior advisors during a two-week window in June 2017:

- The first request ("Pruitt Communications FOIA") sought emails between Mr. Pruitt and his top advisors:

  > All emails between Scott Pruitt and Ryan Jackson (Chief of Staff), John Reeder (Deputy Chief of Staff), or Mike Flynn (Acting Deputy Administrator) from June 1, 2017, to June 15, 2017.

  *See* Ex. 1 (Pruitt Communications FOIA).

- The second request ("Outside Communications FOIA") sought emails between four senior EPA officials and any non-governmental entities:

  > All emails between (a) Scott Pruitt, Ryan Jackson (Chief of Staff), John Reeder (Deputy Chief of Staff), or Mike Flynn (Acting Deputy Administrator) and (b) any email address not containing a .gov domain name (i.e., email addresses with domain names that include .com, .net, .org, or .edu) from June 1, 2017, to June 15, 2017.

  *See* Ex. 2 (Outside Communications FOIA).

- The third request ("Congressional Communications FOIA") sought emails between those same four senior EPA officials and Congress:

> All emails between (a) Scott Pruitt, Ryan Jackson (Chief of Staff),
> John Reeder (Deputy Chief of Staff), or Mike Flynn (Acting Deputy
> Administrator) and (b)any email address containing a house.gov or
> senate.gov domain from June 1, 2017, to June 15, 2017.

*See* Ex. 3 (Congressional Communications FOIA).

On June 29, 2017, EPA informed American Oversight that the requests did not "reasonably define a set of records to search" because they "fail[ed] to provide details such as the subject matters, titles or key terms." *See* Exs. 4–6 (June 29 Response Emails). On a phone call with EPA, American Oversight explained that it did not wish to limit its requests to particular subject matters, keywords, or search terms, because the purpose of the requests was to observe all of Mr. Pruitt's email behavior during the particular two-week window identified in the requests. *See* Creighton Decl. ¶ 23. Nevertheless, EPA formally rejected all three FOIA requests. *See, e.g.*, Exs. 7–9 (July 28 Final Determinations).

On September 7, 2017, American Oversight appealed the denial of its FOIA requests. *See* Ex. 10 (Administrative Appeal). Although EPA acknowledged receipt of the administrative appeal, *see* Exs. 11–13 (Administrative Appeal Acknowledgement Letters), EPA has not yet responded to the appeal.

On February 16, 2018, American Oversight filed suit against EPA, seeking to compel production of the requested records, as well as declaratory and injunctive relief that EPA has engaged in a pattern, policy, or practice of rejecting FOIA requests that, like the requests at issue here, reasonably described the communications sought on the ground that the requests did not provide a subject matter, keyword, or search term. *See* Complaint, ECF No. 1.

Notwithstanding the agency's earlier refusal to process American Oversight's FOIA requests—and insistence that it could not so without more information—on March 13–14, 2018,

an attorney for EPA contacted counsel for American Oversight and indicated that EPA had

begun conducting searches on the Pruitt Communications FOIA and the Congressional

Communications FOIA and was preparing to conduct a search for records responsive to the

Outside Communications FOIA as well. *See* Ex. 14 (Email Exchange); Creighton Decl. ¶¶ 28–

30.

## II.    Other FOIA Requests

American Oversight's Pruitt-related FOIA requests were not the first time EPA has

informed a requester that it must provide a keyword or search terms before the agency would

process a clearly defined request for agency communications. Nor was this the first time EPA

has changed its position after a requester files suit in federal court to enforce its right to the

requested records.

### A.    American Oversight Icahn FOIA Request

On April 5, 2017, American Oversight submitted a FOIA request to EPA seeking all

communications between certain custodians at EPA and Carl Icahn or other related entities. *See*

Ex. 15 (American Oversight Icahn FOIA Request). On April 13, 2017, EPA notified American

Oversight that it could not process the request as written because it "[did] not reasonably define a

set of records to search," in part because it "fail[ed] to provide keywords, titles or other relevant

information which would allow us to identify the subject matter you are interested in." *See* Ex.

16 (American Oversight Icahn FOIA Response). On a telephone call, a representative for EPA

informed American Oversight that the agency is unable to process FOIA requests for email

communications without entering something in the "subject" or "body" search fields, and so

could not process the request as drafted. *See* Creighton Decl. ¶ 33. Ultimately, American

Oversight agreed to work with EPA to identify searches that could be run to identify responsive

records without unduly restricting the search, such as by using Mr. Icahn's name as a search term. *See* Ex. 17 (Email Exchange Regarding Icahn Searches); Creighton Decl. ¶ 34.

### B.    Earthjustice Icahn FOIA Request

Also on April 5, 2017, Earthjustice submitted a FOIA request similar to American Oversight's Icahn FOIA request, seeking, among other things, all communications between Carl Icahn and high-level personnel at EPA. *See* Ex. 18 (Earthjustice Icahn FOIA Request). On April 13, 2017, EPA responded that it could not process the request as written because it "[did] not reasonably define a set of records to search," in part because it "fail[ed] to provide keywords, titles or other relevant information that would allow us to identify the subject matter you are interested in." *See* Ex. 19 (Earthjustice Icahn FOIA Response). Ultimately, Earthjustice agreed to work with EPA to identify search terms that could be used to identify records responsive to its request.

### C.    Center for Biological Diversity FOIA Request

On May 3, 2017, the Center for Biological Diversity ("CBD") sued EPA under the FOIA for wrongfully denying its FOIA request for Scott Pruitt's correspondence. *See* Complaint, *Ctr. for Biological Diversity v. EPA*, 17-cv-816, ECF No. 1 (D.D.C. May 3, 2017). As outlined in the Amended Complaint in that case, CBD filed a FOIA request with EPA on February 28, 2017, seeking all of Scott Pruitt's correspondence. *See* Amended Complaint ¶ 30, *Ctr. v. Biological Diversity v. EPA*, 17-cv-816, ECF No. 7 (D.D.C. May 23, 2017); Answer to Amended Complaint ¶ 30, *Ctr. for Biological Diversity v. EPA*, 17-cv-816, ECF No. 13 (D.D.C. June 28, 2017). On March 1, 2017, EPA responded that CBD's request did not "reasonably define a set of records to search as required by the FOIA and EPA regulations" because CBD did not provide "key terms, subject matters or titles." Amended Complaint ¶ 32, *Ctr. for Biological Diversity v. EPA*, 17-cv-

816, ECF No. 7 (D.D.C. May 23, 2017); Answer to Amended Complaint ¶ 32, *Ctr. for Biological Diversity v. EPA*, 17-cv-816, ECF No. 13 (D.D.C. June 28, 2017). After EPA affirmed its decision on appeal, CBD filed suit against EPA. Amended Complaint ¶¶ 34–36, *Ctr. for Biological Diversity v. EPA*, 17-cv-816, ECF No. 7 (D.D.C. May 23, 2017); Answer to Amended Complaint ¶¶ 34–36, *Ctr. for Biological Diversity v. EPA*, 17-cv-816, ECF No. 13 (D.D.C. June 28, 2017). Once the FOIA request was the subject of a pending litigation, however, EPA changed its position and "agreed to process the FOIA request for all correspondence sent to or from the Administrator." Status Report & Proposed Schedule ¶ 3, *Ctr. for Biological Diversity v. EPA*, 17-cv-816, ECF No. 15 (D.D.C. July 28, 2017).

### III.    EPA Pattern & Practice

Each of these examples represents an instance in which EPA has refused to process a FOIA request for agency communications that clearly described the records sought by identifying custodians, recipients, and/or a finite date range. EPA's assertion that the agency is unable to run a search without a keyword or search term in either the "subject" or "body" field or could not otherwise process the requests is belied by the agency's willingness and ability to run such searches once these requests have become the subject of litigation.

### ARGUMENT

### I.    Legal Standards

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Judicial Watch, Inc. v. Dep't of the Navy*, 25 F. Supp. 3d 131, 136 (D.D.C. 2014). Summary judgment is appropriate when the record as a whole demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under FOIA, the district court "must analyze all underlying facts and inferences in

6

the light most favorable to the FOIA requester." *Lockett v. Wray*, 271 F. Supp. 3d 205, 208 (D.D.C. 2017) (citing *Willis v. DOJ*, 581 F. Supp. 2d 57, 65 (D.D.C. 2008)).

The FOIA requires that "each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3). The question of whether a request "reasonably describes" the records sought turns on "whether the agency is able to determine precisely what records are being requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (internal quotation marks and citations omitted). Thus, a request will be found to have "reasonably described" the requested records if it enables "a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Kenney v. DOJ*, 603 F. Supp. 2d 184, 188 (D.D.C. 2009).

The mere fact that "a party may have obtained relief as to a specific request under the FOIA . . . will not moot a claim that an agency policy or practice will impair the party's lawful access to information in the future." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) (emphasis omitted). Indeed, "[s]o long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit." *Id.* Moreover, in the face of a successful policy-or-practice claim, "FOIA imposes no limits on courts' equitable powers in enforcing its terms," *id.* at 494; courts possess "wide latitude . . . to fashion remedies under FOIA, including the power to issue prospective injunctive

relief." *Citizens for Responsibility & Ethics in Wash. v. DOJ*, 846 F.3d 1235, 1242 (D.C. Cir.

2017) (*CREW*).

## II.   EPA Has a Practice of Denying Reasonably Described FOIA Requests that Do Not Provide Subject Matters or Keywords.

### A.   American Oversight's FOIA Requests Reasonably Described the Records Requested.

There can be no doubt that an agency employee reviewing American Oversight's FOIA

requests could have easily determined what records were being sought and located those records

with a reasonable amount of effort. Indeed, each of American Oversight's FOIA requests clearly

identified the custodians, recipients, and date ranges for the records sought.

The Pruitt Communications FOIA sought all emails between Scott Pruitt and three of his

top advisors during a discrete two-week period of time. Thus, this request required three very

simple searches:

     1)   Emails between Scott Pruitt and Ryan Jackson from June 1-15, 2017.

     2)   Emails between Scott Pruitt and John Reeder from June 1-15, 2017.

     3)   Emails between Scott Pruitt and Mike Flynn from June 1-15, 2017.

There can be no question whatsoever about what records were being sought by this request, or

about how to locate them, as even the most basic of email programs could easily run these

searches. And indeed, since the filing of the Complaint in this case, EPA has reportedly begun

conducting a search for records responsive to this FOIA request, suggesting that the agency was

able to determine how to do so. *See* Ex. 14.

The same is true of the Outside Communications FOIA. That request sought all emails

between four senior EPA officials and anyone outside the federal government during a discrete

two-week period of time. The FOIA request itself suggested that such a search could be done by

identifying emails exchanged with domain names other than .gov, such as .com, .net, .edu, or .org. *See* Ex. 2 at 2. And indeed, after the filing of the Complaint in this case, counsel for EPA reached out to American Oversight to propose that the agency search for records responsive to this request by conducting exactly such a search: the agency identified a list of 14 non-.gov domain names that it proposed to use in its search, and American Oversight readily agreed that that approach would be reasonable. *See* Ex. 14.

   Finally, the Congressional Communications FOIA was equally straightforward. That request sought all emails exchanged between four senior EPA officials and any email address containing a house.gov or senate.gov domain name for the same discrete two-week period of time. Thus, this request required no interpretation at all; rather than seeking communications with "Congress" and leaving it to the agency to determine how to identify those communications, the FOIA request clearly provided the specific domain names to be used in the search. And again, since the filing of the Complaint in this case, EPA has reportedly begun conducting a search for records responsive to this FOIA request, suggesting that the agency was able to determine how to do so and technologically capable of running such a search. *See* Ex. 14.

   There can be no doubt that by simply reviewing these FOIA requests, EPA was "able to determine precisely what records [were] being requested." *Yeager*, 678 F.2d at 326.

   **B.    EPA Nevertheless Improperly Refused to Process the FOIA Requests on the Basis that They Did Not Provide Subject Matters or Keywords.**

   Notwithstanding the clarity of American Oversight's requests for EPA records, EPA did not proceed to process the requests as written, but instead claimed that it could not process the requests because they "fail[ed] to provide details such as the subject matters, titles or key terms." *See* Exs. 4–6 (June 29 Response Letters). Even when American Oversight explained that it was not interested in receiving emails only on a particular topic, but rather all emails exchanged

between these specific entities during that date range, EPA declined to process the requests. *See* Exs. 7–9 (Final Response Letters).

Although American Oversight timely appealed this adverse determination on September 7, 2017, EPA did not respond to that appeal in the more than five months between the date of that appeal and the date that American Oversight filed this lawsuit.

It was only after American Oversight filed suit against EPA that the agency began processing the FOIA requests—the very same requests the agency had previously claimed it could not process without additional information.

### C.   EPA Has Denied Other Reasonably Described FOIA Requests for the Same Reason.

Each of the other FOIA requests described in Plaintiff's Complaint (and above) were entirely clear as to the records they were requesting, and yet EPA denied them based on their failure to provide keywords or search terms.

American Oversight's Icahn FOIA request sought all communications between any political or SES appointee in two particular EPA offices and Carl Icahn or a small handful of related entities from February 17, 2017, through the date of the search. *See* Ex. 15. Thus, like the FOIA requests at issue in this case, it clearly identified the EPA custodians, the outside recipients, and the date range of the requested records. At that time, EPA informed American Oversight that it could not conduct a search for email communications without some keyword or search term to put in the "subject" or "body" fields of the search box, and therefore could not process the Icahn FOIA request as written. *See* Creighton Decl. ¶ 33.

The same was true of the Earthjustice Icahn FOIA request. That request sought all communications after November 7, 2016, between Carl Icahn or related individuals/entities and a discrete list of government employees. *See* Ex. 18. In its response letter, EPA stated that it could

not process the FOIA request as written because, in part, it "fail[ed] to provide keywords, titles or related information that would allow us to identify the subject matter you are interested in." Ex. 19. Although EPA had other questions about how it should identify the particular outside recipients Earthjustice was interested in, it purported to also be rejecting the FOIA request because of the failure to provide search terms or keywords, even though the request very clearly sought all communications between the entities in question rather than a subject-matter-limited subset of those communications.

Finally, Center for Biological Diversity requested all of Mr. Pruitt's correspondence, full stop. See Amended Compl. ¶ 30, *Ctr. for Biological Diversity v. EPA*, 17-816, ECF No. 7 (D.D.C. May 23, 2017). The request was submitted just over a week after Mr. Pruitt was confirmed as EPA Administrator, and so had the search been conducted shortly thereafter, the time frame for that request would have been very short. Despite the crystal-clear scope of that request, EPA refused to process CBD's FOIA because it did not provide "key terms, subject matters or titles." *See id.* ¶ 32. After CBD filed suit against EPA, however, the agency changed its position and managed to process the FOIA request as written. Status Report & Proposed Schedule ¶ 3, *Ctr. for Biological Diversity v. EPA*, 17-cv-816, ECF No. 15 (D.D.C. July 28, 2017).

**D.    These Repeated Rejections Demonstrate a Policy or Practice of Denying Otherwise Reasonably Described FOIA Requests.**

In total, American Oversight has identified at least six instances where EPA has refused to process FOIA requests that clearly described the requested records on the grounds that the requester had not provided a keyword or search term that could be used to narrow the scope of the request. Six independent instances of denying requests on the same (unfounded) basis do not constitute "mere[] isolated mistakes by agency officials," *Payne Enters.*, 837 F.2d at 491; this

collection of occurrences standing alone constitutes a policy or practice of improperly denying reasonably described FOIA requests in violation of FOIA.

Indeed, this Court recently found that the CIA had a similar improper policy or practice based on virtually identical evidence. In *MuckRock LLC v. CIA*, No. 14-997, 2018 WL 1129713 (D.D.C. Feb. 28, 2018), this Court found that the CIA had a policy of "refusing to process MuckRock's FOIA requests for email records that do not specify 'to' and 'from' recipients, time frame, and subject." *Id.* at *20. In determining that the CIA in fact had such a policy, the MuckRock Court noted that "there can be no dispute that the CIA treated four of MuckRock's requests for emails in exactly the same way . . . [and] has apparently used similar rationale when it refused (at least initially) to process at least eight other FOIA requests that MuckRock submitted." *Id.* at *19. The same is true here, as EPA sent identical letters to American Oversight on each of the three FOIA requests at issue in this case and used a similar rationale to refuse to process the three other requests described above. Whether or not this practice is formally codified in EPA regulations or internal guidance, the evidence in the record is more than adequate to demonstrate that EPA has a policy or practice of denying requests on this improper basis.

### III.    EPA's Practice of Denying Reasonably Described FOIA Requests that Do Not Provide Subject Matters or Keywords Violates FOIA.

As described above, the FOIA statute provides that an agency must process a FOIA request that "(A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3). A request "reasonably describes" the requested records if it allows the agency "to determine precisely what records are being requested," *Yeager*, 678 F.2d at 326, and to "locate the record with a reasonable amount of effort," *Kenney*, 603 F. Supp. 2d at 188.

12

Each of American Oversight's FOIA requests easily satisfied the standard for "reasonably describing" the records sought, and yet the EPA refused to process those requests unless American Oversight provided a subject matter or search term for use in processing the request. *See supra* Section II. The same is true for the other FOIA requests discussed above.

In *MuckRock*, for good reason, this Court found that a similar policy violated the FOIA. There, the CIA had a policy of "refusing to process MuckRock's FOIA requests for email records that do not specify 'to' and 'from' recipients, time frame, and subject." 2018 WL 1129713, at *20. Given that American Oversight's FOIA requests clearly identified the "to" and "from" recipients and relevant time frame, but EPA nevertheless faulted Plaintiff for failing to identify a subject matter, EPA has effectively required American Oversight to provide exactly those same four pieces of information in order to process its requests. In concluding that this policy violated the FOIA statute, the *MuckRock* Court noted that "the CIA has done nothing to demonstrate that the agency's employees need all four pieces of information—the sender, recipient, subject, and time frame—in order to locate email records in the agency's information systems." *Id.* at *20. In light of that fact, the *MuckRock* Court noted that the CIA "[could not] credibly dispute that such a policy violates the FOIA." *Id.* Similarly, here, there is no reason to believe that EPA could not reasonably determine which records the FOIA requests sought. Indeed, EPA has stated that it is now conducting searches on American Oversight's FOIA requests, notwithstanding the fact that no search terms or keywords have been provided; it did the same in response to litigation from CBD. It is self-evident, then, that the agency was capable of processing FOIA requests without that information. Thus, it is equally improper for EPA to refuse to process such reasonably described requests.

13

IV.     **The Court Should Enjoin EPA's Illegal Practice of Denying FOIA Requests that Clearly Identify the Requested Records Solely Because They Do Not Provide a Subject Matter, Keyword or Search Term.**

Prospective injunctive relief is available under FOIA and appropriate in this case. *See Payne Enters.*, 837 F.2d at 494 ("FOIA imposes no limits on courts' equitable powers in enforcing its terms."); *CREW*, 846 F.3d at 1242 (courts possess "wide latitude . . . to fashion remedies under FOIA, including the power to issue prospective injunctive relief"). The Court should enjoin EPA from continuing to deny FOIA requests that clearly identify the requested records solely on the basis that they do not provide a subject matter, keyword, or search term.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff American Oversight respectfully requests that this Court grant American Oversight's Motion for Summary Judgment and (i) declare that EPA's practice of denying FOIA requests that clearly identify the requested records simply because they do not provide a subject matter, keyword, or search term violates FOIA and (ii) enjoin EPA from continuing to engage in that unlawful practice.

Dated: April 10, 2018                                    Respectfully submitted,

                                                         */s/ Sara Kaiser Creighton*
                                                         Sara Kaiser Creighton
                                                         D.C. Bar No. 1002367
                                                         John E. Bies
                                                         D.C. Bar No. 483730
                                                         AMERICAN OVERSIGHT
                                                         1030 15th Street NW, B255
                                                         Washington, DC 20005
                                                         (202) 869-5245
                                                         sara.creighton@americanoversight.org
                                                         john.bies@americanoversight.org
                                                         *Counsel for Plaintiff*

14